860 F.2d 1081
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. WALTON; Joyce D. Walton, Plaintiffs-Appellants,
v.
Walter J. KRASNIEWSKI, Judge; John & Jane Does (1-50);
Commercial Savings Bank; James McCrystal, Judge; Francis
C. Restivo, Judge; John G. Hunter (Doe 1); Sheriff,
Wyandot County, (Doe 2); Richard B. McQuade, Jr., Judge,
(Doe 3); James G. Carr, Mag., (Doe 4); Richard L. Speer,
Judge, (Doe 5); Thomas C. Fetter, Judge, (Doe 6); William
Wiedeman, Judge, (Doe 7), Defendants- Appellees.
 No. 88-3208.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1988.
 
 Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William J. and Joyce D. Walton filed this civil action in the Wyandot County, Ohio Court of Common Pleas on August 26, 1987, alleging a cause of action arising from a foreclosure proceeding involving their farm. Subsequently, the Waltons sought to join numerous defendants, including a United States District Judge, two Bankruptcy Judges, a United States Magistrate, four state-court judges, a state prosecutor, and a county sheriff. Thereafter, the action was properly removed to the district court. See 28 U.S.C. Sec. 1441(a)(3).
 
 
 3
 The district court dismissed this case as frivolous. We conclude that the district court correctly found that this action is frivolous and properly subject to dismissal. Briscoe v. Lahue, 460 U.S. 325 (1983) (judges and those who perform quasi-judicial functions, and witnesses in a judicial proceeding enjoy absolute immunity for acts within the subject matter jurisdiction of a court). See Green v. Maraio, 722 F.2d 1013 (2d Cir.1983) (sheriff entitled to absolute immunity when acting pursuant to judge's order); Slotnick v. Garfinkle, 632 F.2d 163 (1st Cir.1980) (same).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.